UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL E. WALKER, II, | ) 1:11-cv—00585-AWI-SKO-HC |
| Petitioner, | ) ORDER DISCHARGING ORDER TO SHOW ) CAUSE (Doc. 7) |
| v. | ) ORDER DENYING PETITIONER'S MOTION ) FOR STAY AND ABEYANCE OF THE |
| DOMINGO URIBE, JR., Warden, | ) PETITION (Doc. 13) |
| Respondent. | ) FINDINGS AND RECOMMENDATION TO ) DISMISS THE PETITION WITHOUT ) PREJUDICE FOR FAILURE TO EXHAUST ) STATE COURT REMEDIES (Doc. 1), ) DECLINE TO ISSUE A CERTIFICATE OF ) APPEALABILITY, AND DIRECT THE ) CLERK TO CLOSE THE ACTION |
| | **OBJECTIONS DEADLINE: THIRTY (30) DAYS** |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C.§ 636(b)(1) and Local Rules 302 and 303. Pending before the Court is Petitioner's response to an order to show cause and Petitioner's motion for a stay and abeyance of the proceedings to permit Petitioner to complete exhaustion of state court remedies

1

with respect to the claims raised in the petition.

I. Discharge of the Order to Show Cause

Because Petitioner has filed a timely response to the order to show cause, the order to show cause that issued on May 4, 2011, is DISCHARGED.

II. Screening the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the

2

petition has been filed.  Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

III.  Background

Here, after review of the petition, the Court on May 4, 2011, issued an order to Petitioner to show cause why the petition should not be dismissed for Petitioner's failure to exhaust state court remedies.  After multiple extensions of time, Petitioner filed a motion to stay the proceedings to permit Petitioner to exhaust state court remedies, along with an explanation of the status of the proceedings supported by copies of documents submitted to the state courts.

In the petition, Petitioner alleged that he was an inmate of the Centinela State Prison[1] serving a sentence of fifty-seven (57) years to life imposed on January 29, 2007, by the Stanislaus County Superior Court for convictions of attempted murder, brandishing a firearm at a peace officer, assault with a deadly weapon, and being a felon in possession of a firearm with gang enhancements. (Pet. 1.) Petitioner challenges his conviction and alleges the following claims:  1) his trial counsel rendered ineffective assistance in violation of the Sixth and Fourteenth Amendments by failing to require the prosecution to prove predicate acts under Cal. Pen. Code § 186.22(f), a gang

---

[1] The docket reflects a notice of change of address to Pleasant Valley State Prison in Coalinga, California, filed on July 11, 2011.

3

enhancement statute, and by failing to object to the application of the statute where there was an absence of evidence of ongoing association (pet. 26-31); 2) Petitioner's rights under the Fifth Amendment and the Miranda decision were violated by the use of his alleged admission to a California corrections counselor during a classification intake procedure that he was a "Blood gang member" (id. at 32-33); 3) Petitioner's right to due process of law guaranteed by the Sixth and Fourteenth Amendments as well as by the California Constitution was violated by the use of an unduly suggestive pretrial identification procedure (id. at 35-37); and 4) Petitioner's right under the Sixth and Fourteenth Amendments to the effective assistance of counsel was violated by appellate counsel's failure to raise the previous three grounds on direct appeal (id. at 38-39).

However, absent from the petition were any allegations that as to these claims, state judicial remedies were exhausted; instead, Petitioner alleged that other issues had been presented on appeal and in a petition for review.

Review of the motion for stay and the response to the order to show cause reveals that in October 2010, after Petitioner's petition for review by the California Supreme Court was denied, Petitioner filed a habeas petition in the Stanislaus County Superior Court in which he raised the following claims: 1) ineffective assistance of trial counsel based on counsel's failure to force the prosecution to prove the requisite "predicate acts" to substantiate gang enhancements under Cal. Pen. Code § 186.22; 2) ineffective assistance of trial counsel based on counsel's failure to object to admission of Petitioner's

statement of gang membership made to correctional officers during a classification proceeding; 3) ineffective assistance of trial counsel based on counsel's failure to object to an unduly suggestive pretrial identification; 4) and ineffective assistance of appellate counsel in failing to raise the foregoing substantive issues at trial or on appeal.[2] (Doc. 13, 9-10.) Petitioner is proceeding to exhaust remaining state court remedies as to these claims.

Petitioner has thus admitted that both presently and at the time he filed the petition, Petitioner's state court remedies as to all the claims raised in the petition remained unexhausted.

IV. <u>Exhaustion of State Court Remedies and Petitioner's Motion for a Stay</u>

A petitioner who is in state custody and wishes to challenge collaterally a conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. <u>Coleman v. Thompson</u>, 501 U.S. 722, 731 (1991); <u>Rose v. Lundy</u>, 455 U.S. 509, 518 (1982); <u>Buffalo v. Sunn</u>, 854 F.2d 1158, 1162-63 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before

---

[2] It is unclear whether Petitioner raises the substantive issues as well as the ineffective assistance of counsel based on counsel's failure to raise those issues because the petition itself was not provided by Petitioner; rather, the summary of the issues pending in state court is based on the Superior Court's order denying the petition.

5

presenting it to the federal court, and demonstrating that no state remedy remains available. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10 (1992), superceded by statute as stated in Williams v. Taylor, 529 U.S. 362 (2000) (factual basis).

    Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275...(1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir.

6

2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001), stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7... (1982)), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds, see, e.g., Hiivala v. Wood, 195 F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d at 865.
> ...
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001).

A district court has discretion to stay a petition which it may validly consider on the merits. Rhines v. Weber, 544 U.S. 269, 276 (2005); King v. Ryan, 564 F.3d 1133, 1138-39 (9th Cir. 2009). A petition that contains both exhausted and unexhausted claims (a "mixed" petition) may be stayed to allow a petitioner to exhaust state court remedies either under Rhines, or under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). King v. Ryan, 564 F.3d 1133, 1138-41 (9th Cir. 2009).

However, where none of a petitioner's claims has been presented to the highest state court as required by the

1  exhaustion doctrine, the Court must dismiss the petition.
2  Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006)
3  (declining to extend the authority to stay a petition under
4  Rhines v. Weber to petitions containing no exhausted claims);
5  Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001) (requiring
6  dismissal upon the filing of a motion to dismiss a petition
7  containing no exhausted claims).  The authority of a court to
8  hold a mixed petition in abeyance pending exhaustion of the
9  unexhausted claims has not been extended to petitions that
10 contain no exhausted claims.  Raspberry, 448 F.3d at 1154.

11       Although the Supreme Court in dicta has adverted to the
12 possibility of filing a protective petition to permit exhaustion
13 of claims stated therein, the suggestion was made in connection
14 with a discussion of a Rhines stay, which is appropriate in cases
15 involving not a fully unexhausted petition such as that in the
16 present case, but rather a "mixed" petition containing both
17 exhausted and unexhausted claims.  See, Pace v. Diguglielmo, 544
18 U.S. 408, 416-417 (2005).  Further, the stay procedure authorized
19 pursuant to Kelly v. Small, 315 F.3d 1063, 1070 involves
20 amendment of the petition to remove unexhausted claims and
21 staying the exhausted claims.  Thus, it also applies to mixed
22 petitions and is unavailable in cases involving fully unexhausted
23 petitions.

24       The Court thus concludes that Petitioner is not entitled to
25 a stay pursuant to either Rhines or Kelly because the petition
26 contains no exhausted claims.

27       Accordingly, Petitioner's motion for a stay is DENIED.
28 ///

V. Dismissal of the Petition

Because the petition contains only unexhausted claims, the Court must dismiss the petition. Raspberry v. Garcia, 448 F.3d 1150, 1154; Jiminez v. Rice, 276 F.3d 478, 481.

Accordingly, it will be recommended that the petition be dismissed.[3]

VI. Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable: (1) whether the petition states a

---

[3] The Court notes that a dismissal for failure to exhaust is not a bar to returning to federal court after exhaustion of available state remedies. See, Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995). The Court further informs Petitioner that a dismissal for failure to exhaust will not itself bar him from returning to federal court after exhausting his available state remedies. However, this does not mean that Petitioner will not be subject to the one-year statute of limitations imposed by 28 U.S.C. § 2244(d). Although the limitations period is tolled while a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it is not tolled for the time an application is pending in federal court. Duncan v. Walker, 533 U.S. 167, 172 (2001).

9

valid claim of the denial of a constitutional right, and (2) whether the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases. Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right.

Accordingly, it will be recommended that the Court decline to issue a certificate of appealability.

VII. Recommendation

Accordingly, it is RECOMMENDED that:

1) The petition be DISMISSED because Petitioner has failed to exhaust his state court remedies as to any of the claims in the petition; and

2) The Court DECLINE to issue a certificate of appealability; and

3) The Clerk be DIRECTED to close the case.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:  December 12, 2011**          /s/ Sheila K. Oberto
                                       UNITED STATES MAGISTRATE JUDGE