UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL E. WALKER, II, | ) | 1:11-cv—00585-AWI-SKO-HC |
| | ) | |
| Petitioner, | ) | ORDER VACATING FINDINGS AND |
| | ) | RECOMMENDATIONS TO DISMISS THE |
| | ) | INITIAL PETITION (DOCS. 15, 1) |
| v. | ) | |
| | ) | ORDER DENYING PETITIONER'S |
| DOMINGO URIBE, JR., Warden, | ) | RENEWED MOTION FOR A <u>RHINES</u> STAY |
| | ) | OF THE FIRST AMENDED PETITION |
| Respondent. | ) | (DOCS. 17, 16) |
| | ) | |
| | ) | ORDER GRANTING PETITIONER THIRTY |
| | | (30) DAYS FROM THE DATE OF |
| | | SERVICE OF THIS ORDER TO WITHDRAW |
| | | THE UNEXHAUSTED CLAIMS IN THE |
| | | FIRST AMENDED PETITION (DOC. 16) |

   Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C.§ 636(b)(1) and Local Rules 302 and 303.

   I.   Background

   In the initial petition, Petitioner alleged that he was an

1

inmate of the Centinela State Prison[1] serving a sentence of fifty-seven (57) years to life imposed on January 29, 2007, by the Stanislaus County Superior Court for convictions of attempted murder, brandishing a firearm at a peace officer, assault with a deadly weapon, and being a felon in possession of a firearm with gang enhancements. (Pet. 1.) Petitioner challenged his conviction and alleged four claims, including allegations that his trial counsel was ineffective, his appellate counsel was ineffective, Petitioner suffered a violation of his rights under the Miranda decision and the Fifth Amendment, and Petitioner suffered a violation of his right to due process of law guaranteed by the Sixth and Fourteenth Amendments as well as by the California Constitution by the use of an unduly suggestive pretrial identification procedure. (Doc. 1.)

However, the petition failed to allege that state judicial remedies had been exhausted as to these claims. Instead, Petitioner alleged that other issues had been presented on appeal and in a petition for review. In response to an order to show cause, Petitioner informed that Court that he had filed a petition in the California Supreme Court raising the claims he sought to raise in this Court; and Petitioner requested a stay, pending the state court's ruling, of the proceedings on the initial petition, which contained only claims as to which state court remedies had not been exhausted.

On December 13, 2011, the Magistrate Judge filed findings recommendations to dismiss the petition.

---

[1] The docket reflects a notice of change of address to Pleasant Valley State Prison in Coalinga, California, filed on July 11, 2011.

2

In response, Petitioner filed a first amended petition (FAP) in which he raised not only the same unexhausted claims raised in the initial petition, but two additional claims which were not raised in the initial petition but as to which state court remedies had already been exhausted: (1) insufficient evidence to support a gang enhancement, and (2) a violation of his right to due process and a fair trial by the trial court's denial of a defense motion to bifurcate proceedings on the gang enhancement from the remainder of the trial.

Simultaneously, Petitioner filed objections to the findings and recommendations in which he concurs that the Magistrate Judge's recommendation to dismiss the initial petition is legally correct, but seeks reconsideration of his motion for a stay in light of his having filed the FAP, which contains both exhausted and unexhausted claims. Petitioner alleges that if his petition is dismissed, he will be time barred. He further states that because his FAP contains both exhausted and unexhausted claims, he is entitled to a "Rhines" stay.

Petitioner asks this Court to take judicial notice of the docket in case number S198647 presently pending in the California Supreme Court. The docket reflects that on December 12, 2011, Petitioner filed a petition for writ of habeas corpus.

II.   Vacating the Findings and Recommendations

Because Petitioner's filing of the FAP renders the findings and recommendations to dismiss the initial petition moot, the findings and recommendations filed on December 13, 2011, will be vacated.

///

III. <u>Renewed Motion for a Stay of the FAP</u>

    A. <u>Failure to Exhaust State Court Remedies</u>

A petitioner who is in state custody and wishes to challenge collaterally a conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. <u>Coleman v. Thompson</u>, 501 U.S. 722, 731 (1991); <u>Rose v. Lundy</u>, 455 U.S. 509, 518 (1982); <u>Buffalo v. Sunn</u>, 854 F.2d 1158, 1162-63 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court, and demonstrating that no state remedy remains available. <u>Picard v. Connor</u>, 404 U.S. 270, 275-76 (1971); <u>Johnson v. Zenon</u>, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995) (legal basis); <u>Kenney v. Tamayo-Reyes</u>, 504 U.S. 1, 9-10 (1992), <u>superceded by statute as stated in</u> <u>Williams v. Taylor</u>, 529 U.S. 362 (2000) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. <u>Duncan</u>, 513 U.S. at 365-66; <u>Lyons v. Crawford</u>, 232 F.3d 666, 669 (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); <u>Hiivala</u>

4

v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275...(1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001), stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7... (1982)), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds, see, e.g., Hiivala v. Wood, 195 F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d at 865.
> ...
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

5

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001).

Here, Petitioner admits that he has not exhausted state court remedies as to his claims concerning the ineffective assistance of trial and appellate counsel, his admissions to the correctional officer, and an allegedly suggestive identification.

### B. The Renewed Motion for a Stay

A district court has discretion to stay a petition which it may validly consider on the merits. Rhines v. Weber, 544 U.S. 269, 276 (2005); King v. Ryan, 564 F.3d 1133, 1138-39 (9th Cir. 2009). A petition that contains both exhausted and unexhausted claims (a "mixed" petition) may be stayed to allow a petitioner to exhaust state court remedies either under Rhines, or under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). King v. Ryan, 564 F.3d 1133, 1138-41 (9th Cir. 2009).

Under Rhines, the Court has discretion to stay proceedings; however, this discretion is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Rhines, 544 U.S. at 276-77. Stay and abeyance are available only in limited circumstances where 1) the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court, 2) the petitioner has not engaged in abusive litigation tactics or intentional delay, and 3) the unexhausted claims are not plainly meritless. Id. at 277-78. The underlying purposes of the AEDPA are to reduce delays in the execution of state and federal criminal sentences and to encourage petitioners to seek relief initially from the state

courts.  Accordingly, a stay should endure for only a reasonable time and should be explicitly conditioned on the petitioner's pursuit of state court remedies within a brief interval.  Id.

The Supreme Court has not articulated what constitutes good cause under Rhines, but it has stated that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file" a "protective" petition in federal court.  Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005).  The Ninth Circuit has held that the standard is less stringent than that for good cause to establish equitable tolling, which requires that extraordinary circumstances beyond a petitioner's control be the proximate cause of any delay.  Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005).  The Ninth Circuit has recognized, however, that "a stay-and-abeyance should be available only in limited circumstances."  Id. at 661 (internal quotation marks omitted); see, Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008), cert. denied, --- U.S. ----, 129 S.Ct. 2771 (2009) (concluding that a petitioner's impression that counsel had exhausted a claim did not demonstrate good cause).

Here, Petitioner has failed to set forth any specific facts to show a reasonable basis for confusion concerning the timeliness of the state court filings or for other good cause for a stay pursuant to Rhines.  Contrary to Petitioner's assertion, it does not appear that the factual bases for the unexhausted claims were previously unknown or unavailable to Petitioner.  It does not appear that there are any facts that would distinguish Petitioner's case or otherwise limit his circumstances to reflect

7

good cause and warrant a stay pursuant to Rhines.

Accordingly, the Court concludes that because Petitioner has not demonstrated good cause, Petitioner has not demonstrated his entitlement to a stay under Rhines v. Weber, 544 U.S. 269.

The Court may stay the petition pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), by utilizing a three-step procedure:  1) the petitioner must file an amended petition deleting the unexhausted claims; 2) the district court will stay and hold in abeyance the fully exhausted petition; and 3) the petitioner will later amend the petition to include the newly exhausted claims. See, King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009).  However, the amendment is only allowed if the additional claims are timely. Id. at 1140-41.[2]

Petitioner will be given an opportunity to withdraw the unexhausted claims in his petition and to have the fully exhausted petition stayed pending exhaustion of the other claims in state court.  The Court must dismiss the petition without prejudice unless Petitioner withdraws the unexhausted claims and proceeds with the exhausted claims in lieu of suffering dismissal.

IV.   Disposition

Accordingly, it is hereby ORDERED that:

1) The findings and recommendations filed on December 13, 2011, are VACATED as moot; and

---

[2] It is unclear whether Petitioner will have sufficient time to be able to exhaust his unexhausted claims.  However, no statute of limitations protection is imparted in a King/Kelly stay, nor are the exhausted claims adjudicated in this Court during the pendency of such a stay.  Further, the undersigned is not making any determination at this time that Petitioner can timely exhaust any claims prior to the expiration of the statute of limitations.

8

2) Petitioner's motion for a stay of the first amended petition pursuant to Rhines v. Weber is DENIED; and

3) Petitioner is GRANTED thirty (30) days from the date of service of this order to file a motion to withdraw the unexhausted claims in the first amended petition and to seek a stay of the fully exhausted petition. In the event Petitioner does not timely file such a motion, the Court will assume Petitioner desires to return to state court to exhaust the unexhausted claims and will therefore dismiss the entire petition without prejudice.[3]

IT IS SO ORDERED.

**Dated:     February 21, 2012**                          /s/ Sheila K. Oberto
                                                      UNITED STATES MAGISTRATE JUDGE

---

[3] Petitioner is informed that a dismissal for failure to exhaust will not itself bar him from returning to federal court after exhausting his available state remedies. However, this does not mean that Petitioner will not be subject to the one-year statute of limitations imposed by 28 U.S.C. § 2244(d). Although the limitations period is tolled while a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it is not tolled for the time an application is pending in federal court. Duncan v. Walker, 533 U.S. 167, 172 (2001).
  Petitioner is further informed that the Supreme Court has held in pertinent part:
   [I]n the habeas corpus context it would be appropriate
   for an order dismissing a mixed petition to instruct an
   applicant that upon his return to federal court he is to
   bring only exhausted claims. See Fed. Rules Civ. Proc. 41(a)
   and (b). Once the petitioner is made aware of the exhaustion
   requirement, no reason exists for him not to exhaust all potential
   claims before returning to federal court. The failure to comply
   with an order of the court is grounds for dismissal with prejudice.
   Fed. Rules Civ. Proc. 41(b).
Slack v. McDaniel, 529 U.S. 473, 489 (2000). Therefore, Petitioner is forewarned that in the event he returns to federal court and files a mixed petition of exhausted and unexhausted claims, the petition may be dismissed with prejudice.

9