1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT

9               EASTERN DISTRICT OF CALIFORNIA

10

11

MICHAEL E. WALKER, II,          ) 1:11-cv—00585-AWI-SKO-HC
12                              )
                  Petitioner,   ) ORDER VACATING FINDINGS AND
13                              ) RECOMMENDATIONS TO DISMISS THE
                                ) INITIAL PETITION (DOCS. 15, 1)
14     v.                       )
                                ) ORDER DENYING PETITIONER'S
15 DOMINGO URIBE, JR., Warden,  ) RENEWED MOTION FOR A <u>RHINES</u> STAY
                                ) OF THE FIRST AMENDED PETITION
16                Respondent.   ) (DOCS. 17, 16)
                                )
17 _____) ORDER GRANTING PETITIONER THIRTY
                                  (30) DAYS FROM THE DATE OF
18                                SERVICE OF THIS ORDER TO WITHDRAW
                                  THE UNEXHAUSTED CLAIMS IN THE
19                                FIRST AMENDED PETITION (DOC. 16)

20

21      Petitioner is a state prisoner proceeding pro se and in

22 forma pauperis with a petition pursuant to 28 U.S.C. § 2254.  The

23 matter has been referred to the Magistrate Judge pursuant to 28

24 U.S.C.§ 636(b)(1) and Local Rules 302 and 303.

25      I.  <u>Background</u>

26      In the initial petition, Petitioner alleged that he was an

27

28

                              1

1    inmate of the Centinela State Prison[1] serving a sentence of

2    fifty-seven (57) years to life imposed on January 29, 2007, by

3    the Stanislaus County Superior Court for convictions of attempted

4    murder, brandishing a firearm at a peace officer, assault with a

5    deadly weapon, and being a felon in possession of a firearm with

6    gang enhancements.  (Pet. 1.)  Petitioner challenged his

7    conviction and alleged four claims, including allegations that

8    his trial counsel was ineffective, his appellate counsel was

9    ineffective, Petitioner suffered a violation of his rights under

10    the <u>Miranda</u> decision and the Fifth Amendment, and Petitioner

11    suffered a violation of his right to due process of law

12    guaranteed by the Sixth and Fourteenth Amendments as well as by

13    the California Constitution by the use of an unduly suggestive

14    pretrial identification procedure.  (Doc. 1.)

15      However, the petition failed to allege that state judicial

16    remedies had been exhausted as to these claims.  Instead,

17    Petitioner alleged that other issues had been presented on appeal

18    and in a petition for review.  In response to an order to show

19    cause, Petitioner informed that Court that he had filed a

20    petition in the California Supreme Court raising the claims he

21    sought to raise in this Court; and Petitioner requested a stay,

22    pending the state court's ruling, of the proceedings on the

23    initial petition, which contained only claims as to which state

24    court remedies had not been exhausted.

25      On December 13, 2011, the Magistrate Judge filed findings

26    recommendations to dismiss the petition.

27

28       [1] The docket reflects a notice of change of address to Pleasant Valley
State Prison in Coalinga, California, filed on July 11, 2011.

1    In response, Petitioner filed a first amended petition (FAP)

2  in which he raised not only the same unexhausted claims raised in

3  the initial petition, but two additional claims which were not

4  raised in the initial petition but as to which state court

5  remedies had already been exhausted: (1) insufficient evidence to

6  support a gang enhancement, and (2) a violation of his right to

7  due process and a fair trial by the trial court's denial of a

8  defense motion to bifurcate proceedings on the gang enhancement

9  from the remainder of the trial.

10    Simultaneously, Petitioner filed objections to the findings

11  and recommendations in which he concurs that the Magistrate

12  Judge's recommendation to dismiss the initial petition is legally

13  correct, but seeks reconsideration of his motion for a stay in

14  light of his having filed the FAP, which contains both exhausted

15  and unexhausted claims.  Petitioner alleges that if his petition

16  is dismissed, he will be time barred.  He further states that

17  because his FAP contains both exhausted and unexhausted claims,

18  he is entitled to a "Rhines" stay.

19    Petitioner asks this Court to take judicial notice of the

20  docket in case number S198647 presently pending in the California

21  Supreme Court.  The docket reflects that on December 12, 2011,

22  Petitioner filed a petition for writ of habeas corpus.

23    II.  Vacating the Findings and Recommendations

24    Because Petitioner's filing of the FAP renders the findings

25  and recommendations to dismiss the initial petition moot, the

26  findings and recommendations filed on December 13, 2011, will be

27  vacated.

28  ///

1          III.   Renewed Motion for a Stay of the FAP

2                 A.   Failure to Exhaust State Court Remedies

3          A petitioner who is in state custody and wishes to challenge

4    collaterally a conviction by a petition for writ of habeas corpus

5    must exhaust state judicial remedies.   28 U.S.C. § 2254(b)(1).

6    The exhaustion doctrine is based on comity to the state court and

7    gives the state court the initial opportunity to correct the

8    state's alleged constitutional deprivations.   Coleman v.

9    Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509,

10   518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir.

11   1988).

12         A petitioner can satisfy the exhaustion requirement by

13   providing the highest state court with the necessary jurisdiction

14   a full and fair opportunity to consider each claim before

15   presenting it to the federal court, and demonstrating that no

16   state remedy remains available.   Picard v. Connor, 404 U.S. 270,

17   275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir.

18   1996).   A federal court will find that the highest state court

19   was given a full and fair opportunity to hear a claim if the

20   petitioner has presented the highest state court with the claim's

21   factual and legal basis.   Duncan v. Henry, 513 U.S. 364, 365

22   (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10

23   (1992), superceded by statute as stated in Williams v. Taylor,

24   529 U.S. 362 (2000) (factual basis).

25         Additionally, the petitioner must have specifically told the

26   state court that he was raising a federal constitutional claim.

27   Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669

28   (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala

                                    4

1  v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood,

2  133 F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United

3  States Supreme Court reiterated the rule as follows:

4      In Picard v. Connor, 404 U.S. 270, 275...(1971),
       we said that exhaustion of state remedies requires that
5      petitioners "fairly presen[t]" federal claims to the
       state courts in order to give the State the
6      "'opportunity to pass upon and correct' alleged
       violations of the prisoners' federal rights" (some
7      internal quotation marks omitted). If state courts are
       to be given the opportunity to correct alleged violations
8      of prisoners' federal rights, they must surely be
       alerted to the fact that the prisoners are asserting
9      claims under the United States Constitution. If a
       habeas petitioner wishes to claim that an evidentiary
10     ruling at a state court trial denied him the due
       process of law guaranteed by the Fourteenth Amendment,
11     he must say so, not only in federal court, but in state
       court.

12  Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule
13
    further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir.
14
    2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th
15
    Cir. 2001), stating:
16
        Our rule is that a state prisoner has not "fairly
17      presented" (and thus exhausted) his federal claims
        in state court unless he specifically indicated to
18      that court that those claims were based on federal law.
        See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir.
19      2000). Since the Supreme Court's decision in Duncan,
        this court has held that the petitioner must make the
20      federal basis of the claim explicit either by citing
        federal law or the decisions of federal courts, even
21      if the federal basis is "self-evident," Gatlin v. Madding,
        189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v.
22      Harless, 459 U.S. 4, 7... (1982)), or the underlying
        claim would be decided under state law on the same
23      considerations that would control resolution of the claim
        on federal grounds, see, e.g., Hiivala v. Wood, 195
24      F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon,
        88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d
25      at 865.
        ...
26      In Johnson, we explained that the petitioner must alert
        the state court to the fact that the relevant claim is a
27      federal one without regard to how similar the state and
        federal standards for reviewing the claim may be or how
28      obvious the violation of federal law is.

                                5

1  Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as

2  amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir.

3  2001).

4       Here, Petitioner admits that he has not exhausted state

5  court remedies as to his claims concerning the ineffective

6  assistance of trial and appellate counsel, his admissions to the

7  correctional officer, and an allegedly suggestive identification.

8            B.   The Renewed Motion for a Stay

9       A district court has discretion to stay a petition which it

10 may validly consider on the merits.  Rhines v. Weber, 544 U.S.

11 269, 276 (2005); King v. Ryan, 564 F.3d 1133, 1138-39 (9th Cir.

12 2009).  A petition that contains both exhausted and unexhausted

13 claims (a "mixed" petition) may be stayed to allow a petitioner

14 to exhaust state court remedies either under Rhines, or under

15 Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).  King v. Ryan, 564

16 F.3d 1133, 1138-41 (9th Cir. 2009).

17      Under Rhines, the Court has discretion to stay proceedings;

18 however, this discretion is circumscribed by the Antiterrorism

19 and Effective Death Penalty Act of 1996 (AEDPA).  Rhines, 544

20 U.S. at 276-77.  Stay and abeyance are available only in limited

21 circumstances where 1) the district court determines there was

22 good cause for the petitioner's failure to exhaust his claims

23 first in state court, 2) the petitioner has not engaged in

24 abusive litigation tactics or intentional delay, and 3) the

25 unexhausted claims are not plainly meritless.  Id. at 277-78.

26 The underlying purposes of the AEDPA are to reduce delays in the

27 execution of state and federal criminal sentences and to

28 encourage petitioners to seek relief initially from the state

1  courts.  Accordingly, a stay should endure for only a reasonable

2  time and should be explicitly conditioned on the petitioner's

3  pursuit of state court remedies within a brief interval.  Id.

4       The Supreme Court has not articulated what constitutes good

5  cause under Rhines, but it has stated that "[a] petitioner's

6  reasonable confusion about whether a state filing would be timely

7  will ordinarily constitute 'good cause' for him to file" a

8  "protective" petition in federal court.  Pace v. DiGuglielmo, 544

9  U.S. 408, 416 (2005).  The Ninth Circuit has held that the

10  standard is less stringent than that for good cause to establish

11  equitable tolling, which requires that extraordinary

12  circumstances beyond a petitioner's control be the proximate

13  cause of any delay.  Jackson v. Roe, 425 F.3d 654, 661-62 (9th

14  Cir. 2005).  The Ninth Circuit has recognized, however, that "a

15  stay-and-abeyance should be available only in limited

16  circumstances."  Id. at 661 (internal quotation marks omitted);

17  see, Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008),

18  cert. denied, --- U.S. ----, 129 S.Ct. 2771 (2009) (concluding

19  that a petitioner's impression that counsel had exhausted a claim

20  did not demonstrate good cause).

21       Here, Petitioner has failed to set forth any specific facts

22  to show a reasonable basis for confusion concerning the

23  timeliness of the state court filings or for other good cause for

24  a stay pursuant to Rhines.  Contrary to Petitioner's assertion,

25  it does not appear that the factual bases for the unexhausted

26  claims were previously unknown or unavailable to Petitioner.  It

27  does not appear that there are any facts that would distinguish

28  Petitioner's case or otherwise limit his circumstances to reflect

1 good cause and warrant a stay pursuant to Rhines.

2 Accordingly, the Court concludes that because Petitioner has

3 not demonstrated good cause, Petitioner has not demonstrated his

4 entitlement to a stay under Rhines v. Weber, 544 U.S. 269.

5 The Court may stay the petition pursuant to Kelly v. Small,

6 315 F.3d 1063 (9th Cir. 2003), by utilizing a three-step

7 procedure: 1) the petitioner must file an amended petition

8 deleting the unexhausted claims; 2) the district court will stay

9 and hold in abeyance the fully exhausted petition; and 3) the

10 petitioner will later amend the petition to include the newly

11 exhausted claims. See, King v. Ryan, 564 F.3d 1133, 1135 (9th

12 Cir. 2009). However, the amendment is only allowed if the

13 additional claims are timely. Id. at 1140-41.[2]

14 Petitioner will be given an opportunity to withdraw the

15 unexhausted claims in his petition and to have the fully

16 exhausted petition stayed pending exhaustion of the other claims

17 in state court. The Court must dismiss the petition without

18 prejudice unless Petitioner withdraws the unexhausted claims and

19 proceeds with the exhausted claims in lieu of suffering

20 dismissal.

21 IV. Disposition

22 Accordingly, it is hereby ORDERED that:

23 1) The findings and recommendations filed on December 13,

24 2011, are VACATED as moot; and

25 _____

26 [2] It is unclear whether Petitioner will have sufficient time to be able
to exhaust his unexhausted claims. However, no statute of limitations
protection is imparted in a King/Kelly stay, nor are the exhausted claims

27 adjudicated in this Court during the pendency of such a stay. Further, the
undersigned is not making any determination at this time that Petitioner can

28 timely exhaust any claims prior to the expiration of the statute of
limitations.

1    2)   Petitioner's motion for a stay of the first amended

2    petition pursuant to Rhines v. Weber is DENIED; and

3    3)   Petitioner is GRANTED thirty (30) days from the date of

4    service of this order to file a motion to withdraw the

5    unexhausted claims in the first amended petition and to seek a

6    stay of the fully exhausted petition.  In the event Petitioner

7    does not timely file such a motion, the Court will assume

8    Petitioner desires to return to state court to exhaust the

9    unexhausted claims and will therefore dismiss the entire petition

10   without prejudice.[3]

11

12   IT IS SO ORDERED.

13   **Dated:    February 21, 2012                    /s/ Sheila K. Oberto**
                                         UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

_____

19   [3] Petitioner is informed that a dismissal for failure to exhaust will
     not itself bar him from returning to federal court after exhausting his
     available state remedies.  However, this does not mean that Petitioner will
20   not be subject to the one-year statute of limitations imposed by 28 U.S.C. §
     2244(d).  Although the limitations period is tolled while a properly filed
     request for collateral review is pending in state court, 28 U.S.C. §
21   2244(d)(2), it is not tolled for the time an application is pending in federal
     court.  Duncan v. Walker, 533 U.S. 167, 172 (2001).
22        Petitioner is further informed that the Supreme Court has held in
     pertinent part:
23        [I]n the habeas corpus context it would be appropriate
          for an order dismissing a mixed petition to instruct an
          applicant that upon his return to federal court he is to
24        bring only exhausted claims.  See Fed. Rules Civ. Proc. 41(a)
          and (b).  Once the petitioner is made aware of the exhaustion
25        requirement, no reason exists for him not to exhaust all potential
          claims before returning to federal court.  The failure to comply
26        with an order of the court is grounds for dismissal with prejudice.
          Fed. Rules Civ. Proc. 41(b).
27   Slack v. McDaniel, 529 U.S. 473, 489 (2000). Therefore, Petitioner is
     forewarned that in the event he returns to federal court and files a mixed
28   petition of exhausted and unexhausted claims, the petition may be dismissed
     with prejudice.