UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL E. WALKER, II,<br><br>Petitioner,<br><br>v.<br><br>P. D. BRAZELTON, Warden,<br><br>Respondent. | Case No.: 1:11-cv-00585-AWI-SKO (HC)<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>[Doc. No. 45] |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On March 19, 2013, the Court dismissed the petition with prejudice as untimely. (Doc. No. 39.) Judgment was entered the same date and the case was closed. (Doc. No. 40.) On July 29, 2021, Petitioner filed the instant motion for reconsideration. (Doc. No. 45.)

**DISCUSSION**

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any

1

event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Petitioner contends that the order concluding the petition to be untimely should be reconsidered in light of the California Supreme Court's decision in Robinson v. Lewis, 9 Cal.5th 883 (2020). In Robinson, the California Supreme Court held that a "petition filed in a higher court within 120 days of the lower court's denial will never be considered untimely due to gap delay." Id., at 901. Beyond that period, however, the normal In re Robbins, 18 Cal.4th 770, 780 (1998), analysis applies. Id. Petitioner argues that since he filed his first state habeas petition with 26 days remaining in the state of limitations, the Court should find his petition was timely filed. Petitioner's argument is not persuasive.

Although Petitioner is correct that 26 days remained in the limitations period when he filed his first state habeas petition, this period of time is not the relevant time period for purposes of gap tolling. Rather, it is the time between the denial of the state habeas petition and the subsequent filing of a new petition in the higher state court. In this case, Petitioner delayed from the denial of the first state petition on December 22, 2010, until June 6, 2011, which was a period of approximately five and one-half months. This is well beyond the 120 days the California Supreme Court considers to be a "safe harbor" and timely under Robinson. Thus, the question, as it was before, is whether the five and one-half months gap was unreasonable. Petitioner makes no argument calling the Court's previous untimeliness determination into question. He has not shown "new or different facts or circumstances claimed to exist which did not exist or were not

shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j). Moreover, Petitioner's motion for reconsideration is well beyond the one-year deadline permitted under Fed. R. Civ. P. 60(b).

**ORDER**

Accordingly, it is HEREBY ORDERED that Petitioner's motion for reconsideration (Doc. No. 45) is DENIED.

IT IS SO ORDERED.

Dated:   August 4, 2021                                    ␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣
                                                          SENIOR DISTRICT JUDGE