UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL E. WALKER, II,<br><br>Petitioner,<br><br>v.<br><br>P.D. BRAZELTON,<br><br>Respondent. | No. 1:11-cv-00585-AWI-SKO (HC)<br>Appeal No. 21-16583<br><br>**ORDER DIRECTING CLERK OF COURT TO FILE PETITIONER'S OBJECTION TO ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>**ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY**<br><br>**ORDER DIRECTING CLERK OF COURT TO SERVE COPY OF ORDER ON NINTH CIRCUIT COURT OF APPEALS** |

Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On March 19, 2013, the Court dismissed the Second Amended Petition as untimely and entered judgment. (Doc. 39.) On April 17, 2013, Petitioner appealed to the Ninth Circuit. (Doc. 41.) On March 14, 2014, the Ninth Circuit denied the request for certificate of appealability. (Doc. 44.) On July 29, 2021, Petitioner filed a motion for reconsideration. (Doc. 45.) On August 4, 2021, the motion was denied. (Doc. 46.) On September 27, 2021, Petitioner appealed to the Ninth Circuit. (Doc. 47.) On December 7, 2021, the Ninth Circuit issued an order remanding the matter to this Court to consider a pleading submitted by Petitioner on September 3, 2021, and to

consider whether to grant a certificate of appealability as to the August 4, 2021, order denying reconsideration and any order on Petitioner's pleading.

The Ninth Circuit directs the Court's attention to a pleading by Petitioner entitled, "Petitioner's Objection to Order Denying Motion for Reconsideration." (See Appeal No. 21-16583, Doc. 4 at 7-10.) It appears that the pleading was stamped as received by the Court on September 3, 2021, but for reasons unknown, the pleading was not filed and entered on the docket. The Ninth Circuit directs the Court to consider whether the pleading should be filed, and indeed, the Court will direct the Clerk of Court to file the pleading as of September 3, 2021.

The Ninth Circuit then directs the Court to consider whether the pleading constitutes one of the motions listed in Federal Rule of Appellate Procedure 4(a)(4). Rule 4(a)(4)(A) provides:

> If a party files in the district court any of the following motions under the Federal Rules of Civil Procedure--and does so within the time allowed by those rules--the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:
>
> (i) for judgment under Rule 50(b);
>
> (ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;
>
> (iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;
>
> (iv) to alter or amend the judgment under Rule 59;
>
> (v) for a new trial under Rule 59; or
>
> (vi) for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.

Petitioner's pleading is not a motion for judgment under Rule 50(b), a motion to amend or make additional factual findings under Rule 52(b), a motion for attorney's fees, a motion to alter or amend judgment under Rule 59, a motion for new trial under Rule 59, or a motion for relief under Rule 60. Petitioner's pleading is not a motion at all, but objections to the Court's order denying a motion for reconsideration, wherein Petitioner essentially rehashes the same arguments made in previous motions and objections. Thus, the Court does not find that additional time to file an appeal should be granted pursuant to Rule 4(a)(4)(A).

The Ninth Circuit further directs the Court to consider whether to grant a certificate of

appealability with respect to this Order and the Court's order denying the motion for reconsideration. (Doc. 46.) A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>   (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's denial of Petitioner's motion debatable or wrong. Petitioner's motion was untimely filed by over six years. In addition, the arguments raised in the motion were meritless. Petitioner requested

3

reconsideration of the Court's determination of untimeliness in light of the California Supreme Court's decision in Robinson v. Lewis, 9 Cal.5th 883 (2020). In Robinson, the California Supreme Court held that a "safe harbor" existed whereby a petition filed in a higher court within 120 days of the lower court's denial would not be considered untimely. Id. at 901.  However, the time period at issue here was well beyond 120 days, to wit, a period of nearly five and one-half months.  Thus, Robinson had no bearing on Petitioner's case.  Petitioner's various other justifications for the delay were thoroughly addressed in the Findings and Recommendations of January 7, 2013, (Doc. 35 at 4-7, 13-19), and the Order Adopting the Findings and Recommendations dated March 19, 2013 (Doc. 39 at 2).  Accordingly, the Court will decline to issue a certificate of appealability. In addition, the Court will decline a certificate of appealability as to this order to file Petitioner's pleading.  The order will be directed to be filed; however, the pleading does not constitute any of the listed motions in Rule 4(a)(4).

**ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED:

1) The Clerk of Court is DIRECTED to file Petitioner's pleading entitled, "Petitioner's Objection to Order Denying Motion for Reconsideration" (found in Appeal No. 21-16583 at Doc. 4, pages 7-10) as of September 3, 2021;

2) The Court DECLINES to issue a certificate of appealability; and

3) The Clerk of Court is DIRECTED to serve a copy of this Order on the Ninth Circuit Court of Appeals.

IT IS SO ORDERED.

Dated:   December 15, 2022              _____
                                         SENIOR DISTRICT JUDGE

4